**UNITED STATES BANKRUPTCY COURT**
Eastern District of Michigan

Case No.: **07−54712−tjt**

In Re: (NAME OF DEBTOR(S))

    Kathleen Sullivan

_____/

## CHAPTER 13 CASE MANAGEMENT ORDER

To further the expeditious and economical resolution of this case, and pursuant to the Court's authority under 11 U.S.C. § 105(d), the following procedures will apply in this case:

1. The Court will consider confirmation of the debtor's plan only if the debtor's attorney has emailed a proposed order confirming plan, in Word or WordPerfect format, to the Chapter 13 trustee's office by 4:30 p.m. on the following day before the confirmation hearing:

    Judge Tucker: the Friday before the confirmation hearing

    Judge Shefferly: the Wednesday before the confirmation hearing

    Judge McIvor: the Friday before the confirmation hearing

    Judge Shapero: the Tuesday before the confirmation hearing

Both Word and WordPerfect formatted versions of this order are available on the Court's website, at http://www.mieb.uscourts.gov/ under "Local Forms." [1] The trustees' email address for this purpose are:

    Tammy L. Terry, Trustee: terry.orders@det13.net

    David W. Ruskin, Trustee: ruskin.orders@det13.com

    Krispen S. Carroll, Trustee: pjsconf@det13ksc.com

These email address may be used only for this purpose.

2. Before the debtor's attorney emails the proposed order confirming plan to the trustee, the debtor and all parties objecting to confirmation must undertake all reasonable efforts to resolve the objections that were timely filed by creditors and the trustee.

3. If, after all reasonable efforts, impasse is reached between the debtor and any objecting parties regarding any objections, then the debtor's attorney must email to the trustee, by the deadline established in paragraph 1:

---

[1] Note that this form is slightly different than the form used in cases assigned to Chief Judge Rhodes.

(a) A proposed order confirming the plan (1) that is signed by the creditors whose objections have been resolved, and (2) that states the debtor's proposed resolution of the parties' remaining objections; and

(b) A certificate, filed with the Court and served on any creditors whose objections are not resolved, stating (1) that the debtor and the specified objecting parties are at an impasse in their reasonable efforts to resolve objections, (2) the legal and factual issues to be resolved in connection with the remaining objections to confirmation, and (3) any request for an adjournment and any reasons why good cause exits for the adjournment. A copy of the form for this certificate is attached to this Order, and forms of this certificate in Word and WordPerfect format are available on the Court's website, under "Local Forms."

4. If the debtor's attorney does not timely email a proposed order confirming plan as provided in either paragraph 1 or paragraph 3(a), or does not timely file and serve the certificate as required in paragraph 3(b), then the debtor's attorney must appear for a hearing on the contested docket even if the matter becomes confirmable at the status conference, to explain why the order confirming plan of the certificate of impasse was not timely submitted or filed.

5. The above procedures only apply to cases that are scheduled for a confirmation hearing. There will continue to be status conferences for all confirmation matters (other than those for which a confirmation order signed by all necessary parties has been emailed to the trustee by the deadline stated in paragraph 1 above,) and for any matters scheduled for hearing on a motion (other than those matters scheduled by separate Court order such as a show cause order or an expedited hearing.) If at the status conference the parties are unable to resolve the matter it will be heard by the judge during the contested hearing. All motions to extend the automatic stay and to impose the automatic stay will continue to be heard during the contested hearing.

6. Any proposed confirmation orders that require revisions or additional signatures after the deadline established in paragraph 1 above (*e.g.,* because objections are resolved by agreement at the status conference or by a decision of the court in the contested hearing,) must be revised and/or signed, and emailed to the trustee by the debtor's attorney no later than 4:30 p.m. on the day after the confirmation hearing.

7. When an agreement or decision resolving all remaining objections to confirmation occurs after the deadline established in paragraph 1 above, so that paragraph 6 above applies, the hearing on confirmation will be adjourned to the following week at 2:00 p.m., as a control date. If debtor's attorney emails to the trustee the revised/signed confirmation order by the deadline stated in paragraph 6, then confirmation will be ordered without further hearing. If debtor's attorney does not email to the trustee the revised/signed confirmation order by the deadline stated in paragraph 6, then the adjourned hearing will occur, and debtor's attorney must attend.

8. Within 3 business days following a confirmation hearing day, the trustee will assemble all orders confirming plans and orders adjourning confirmation hearings (with conditions) in electronic form and submit them to the clerk for entry. Such orders may now be submitted on a compact disc, but the clerk and the trustees may agree to alter the mode of submission from time to time.

9. Orders adjourning confirmation without condition will be entered by text orders in the docket by the courtroom deputy.

10. These procedures do not apply to cases involving debtors who are not represented by counsel.


Dated: 7/31/07

       /s/  Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

United States Bankruptcy Court
Eastern District of Michigan

In re: Kathleen Sullivan

    Debtor.

_____/

Case No. **07−54712−tjt**

Judge: **Thomas J. Tucker**

Debtor's Chapter 13 Confirmation Hearing Certificate
[To be completed fully]

At the next confirmation hearing in this case, the debtor intends to:[Check ONE of the following]

1. \_\_\_\_Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. \_\_\_\_Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chappter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

    Trustee Objections:
    Issues:

    Creditor # 1:
    Objections:
    Issues:

    Creditor # 2:
    Objections
    Issues:

3. \_\_\_\_Request an adjournment of the confirmation hearing to _____ due to the following good Cause:

4. \_\_\_\_Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11,or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 10 days.]

5. \_\_\_\_Convert the case to Chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

_____
Debtor's Attorney